IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
MAY - 9 2003

| | |
|---|---|
| LILIANA PEREZ,<br>    Plaintiff,<br><br>v.<br><br>ARCOBALENO PASTA MACHINES,<br>INC., a foreign national corporation,<br>f/k/a A D PASTA MACHINES<br>TECHNOLOGY INC., a foreign<br>national corporation, f/k/a A.D.<br>ENGINEERING LTD., a foreign<br>national corporation, PERFECT<br>PASTA, INC., an Illinois corporation,<br>BISON COMMERCIAL LEASING<br>CORP., a New York corporation, and<br>BISON COMMERCIAL LEASING,<br>L.L.C., a New York limited liability<br>corporation,<br><br>    Defendants.<br><br>―――――――――――――――――<br><br>ARCOBALENO PASTA MACHINES,<br>INC., a foreign national corporation<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>PERFECT PASTA, INC.<br><br>    Third-Party Defendant. | Case No. 02 C 3590<br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

26

## I. INTRODUCTION

This case is before the Court on plaintiff, Liliana Perez's ("Perez" or "Plaintiff"), motion to remand the case to the Circuit Court of Cook County, Illinois.[1] The issue is whether Plaintiff's second amended complaint asserting a direct claim against third-party defendant, Perfect Pasta, Inc. ("Pasta"), deprives this court of diversity jurisdiction under 28 U.S.C. § 1332 by reason of 28 U.S.C. § 1447(e). Defendant, Arcobaleno Pasta Machines, Inc., ("Arcobaleno" or "Defendant") argues that the addition of Plaintiff's claim directly against Pasta was not a joinder for purposes of § 1447(e) because Pasta was previously joined in the action as a third-party defendant. For the reasons discussed herein, the motion to remand is granted.

## II. FACTUAL BACKGROUND

Before addressing the merits of Plaintiff's motion, a review of the facts and procedural history is instructive. Plaintiff, a former employee of Pasta, alleges that on May 18, 2000 she was investigating a problem with a dough sheeter. During this investigation, her hand was pulled into the dough sheeter and crushed, causing permanent injury and requiring an amputation. Plaintiff, an Illinois citizen, initiated this action against Arcobaleno on April 17, 2002 in the Circuit Court of Cook County, Illinois. On May 8, 2002, she filed a two-count first amended complaint against Arcobaleno, a foreign corporation with its

---

[1] The parties executed a limited consent for this Court to decide this issue pursuant to 28 U.S.C. § 636(c)(1).

principal place of business in British Columbia, Canada. Arcobaleno is the alleged manufacturer and distributor of the dough sheeter.

On May 20, 2002, Arcobaleno removed this case to federal court. Arcobaleno filed a third-party complaint against Pasta, an Illinois corporation, on November 13, 2002.

On March 20, 2003, Plaintiff filed a motion to amend her complaint to add two additional parties: Bison Leasing ("Bison") and Pasta. Bison is a New York corporation allegedly involved in the design, distribution, and leasing of the dough sheeter. This Court granted Plaintiff's motion to amend on March 25, 2003, without objection, and she filed her second amended complaint adding Bison and Pasta as direct defendants on April 1, 2003.

## III. DISCUSSION

The case is now before the Court on Plaintiff's motion to remand the case to the Circuit Court of Cook County. Plaintiff argues that the addition of Pasta as a direct defendant destroys diversity jurisdiction because Pasta and Plaintiff are both citizens of Illinois. The following issues are raised: 1) whether diversity jurisdiction can be destroyed by the joinder of a non-diverse party post removal, 2) whether Pasta was "joined" in the second amended complaint for purposes of 28 U.S.C. § 1447(e) when it was already a third-party defendant, and 3) whether the amendment was proper. The Court will address each in turn.

A.  **Diversity Jurisdiction Can Be Destroyed By The Joinder Of A Non-Diverse Party Post Removal.**

   1.  **Diversity jurisdiction is determined using the Second Amended Complaint at Law.**

As a preliminary matter, the Court will address which complaint is to be used for determining whether diversity jurisdiction is proper. The Seventh Circuit has recognized that once an amended pleading is filed, the amended pleading supersedes the original one, and the original pleading has no function in the case. *Wellness Community - National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (quoting 6 CHARLES WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 at 556-57 (1990)). Where an amended complaint is filed, federal jurisdiction will be determined based on that complaint. *Jass v. Prudential Healthcare Plan, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996).

In this case, an amended complaint was filed in the Circuit Court of Cook County. After the case was removed, a second amended complaint was filed. Thus, the operative complaint for purposes of the jurisdictional issue is Plaintiff's Second Amended Complaint at Law.

   2.  **Section 1447(e) governs the disposition of this case.**

Defendant's first argument is that once established, diversity jurisdiction can not be divested. Defendant relies on *Freeport-McMoRan v. K N Energy, Inc.*, for the proposition that diversity jurisdiction is determined at the time the case is filed, and subsequent acts of the parties do not affect the court's subject matter jurisdiction. 498 U.S. 426, 428 (1991).

The Court agrees that this is the general rule. However, *Freeport* has been distinguished from cases in the present situation. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861-62 (11th Cir. 1998) (stating that the holding in *Freeport* dealt with the substitution of a party under Fed. R. Civ. P. 25, not the addition of a party after the case had been removed); *Williams v. Holiday Inn Worldwide*, No. Civ. A 97-3385, 1998 WL 914258, at *2 (E.D. La. Dec. 29, 1998) (stating that *Freeport* dealt with a case originally filed in federal court, not one which was filed in state court and later removed).

The Seventh Circuit has recognized that when a party has been joined after the case has been removed, the Court should apply 28 U.S.C. § 1447, which addresses post-removal procedures. *Jass*, 88 F.3d at 1492. In addition, as Plaintiff argues, the First Circuit also recognized that section 1447(e) applies to cases in which a non-diverse defendant is added to the case after removal. *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 673-75 (1st Cir. 1994). While that case dealt with substitution of fictitious defendants for named defendants, the court also recognized its application to the joinder context. *Id.* at 674-75 (stating, "under § 1447(e), the joinder or substitution of non-diverse defendants after removal destroys diversity jurisdiction . . .") This case involves the addition of a party after removal. Thus, the Court will not revert to the general rule, but will apply section 1447(e).

**B.     Application of 28 U.S.C. § 1447(e)**

    **1.     Amending the complaint to add a direct claim against the third-party defendant is a joinder for section 1447 purposes.**

Before analyzing whether the amendment and joinder were proper, the Court will

5

address Defendant's second argument. Defendant argues that there was no "joinder" as the term is used in section 1447(e). In this case, Pasta was already a party to the litigation–the third-party defendant. Thus, it could not technically have been joined to a lawsuit of which it was already a part. Joinder is: "The uniting of parties or claims in a single lawsuit." BLACK'S LAW DICTIONARY 841 (7th ed. 1999). Arcobaleno urges the Court to adopt a strict interpretation of the definition of joinder. The Court believes this to be a case of first impression. While the argument is creative, the Court disagrees with Arcobaleno's analysis.

Although a person or entity may be a party to an action, there is a fundamental difference in the relationships of the parties when one is a third-party defendant as opposed to a direct defendant. Rule 14 allows a defendant to bring in a third-party defendant "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." FED. R. CIV. P. 14. Thus, as a third-party defendant, Pasta's only possible liability is to Arcobaleno and necessarily relies on an adjudication of its liability to Arcobaleno in addition to the adjudication of Arcobaleno's liability to Plaintiff. In contrast, when Pasta is added as a direct defendant, its liability is independent of Arcobaleno's and may be adjudicated at the same time.

In addition, the Court rejects Arcobaleno's strict reading of joinder because in diversity cases, a court may realign the parties according to their true interest in the case, even if doing so would destroy diversity jurisdiction. See *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). Although the court in *Trane* did not realign

the parties, it noted that such realignment was proper "where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *Id.* at 151. The court also stated that the "propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *Id.* (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941)).

While not controlling, the realignment situation indicates that a court should practically view the actual dispute in determining proper diversity jurisdiction. Here, both the practical nature of the Plaintiff's direct claim against Pasta and the fundamental difference in being named a direct defendant as opposed to a third-party defendant leads the Court to find that there has been a joinder for purposes of 28 U.S.C. § 1447(e). Furthermore, once the parties are viewed in light of the second amended complaint, it is clear that lack of diversity would have precluded the case from being filed originally in federal court.

### 2. The amendment was proper making remand mandatory.

Section 1447 (e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, although permitting the joinder is discretionary, once the court has done so, allowing diversity to be destroyed, it must remand the case to the state court. *Kortum v. Raffles Holdings Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002) (citing

*Jass*, 88 F.3d at 1486); *Goutanis v. Mutual Group (US)*, No. 92 C 1689, 1995 WL 86588, at *6 (N.D. Ill. Feb. 24, 1995) ("The language 'permit joinder *and* remand to state court' means that permitting a joinder of parties which destroys subject matter jurisdiction must result in a remand."). Thus, in order to determine whether remand is proper in this case, the Court must examine whether the amendment joining the non-diverse parties was proper. *Goutanis*, 1995 WL 86588, at *6. If so, the case must be remanded.

Allowing an amendment is an equitable determination, and does not rely on whether the new party is indispensable. *Vasilakos v. Corometrics Medical Systems, Inc.*, No. 93 C 5343, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993). Although the Seventh Circuit has not articulated the equitable factors which must be considered,[2] other courts in this district have considered the following factors: 1) the plaintiff's motivation in seeking to join the additional party–particularly where it is sought solely to defeat diversity jurisdiction, 2) the timeliness of the request, 3) the prejudice to the parties, and 4) other equitable considerations, including the defendant's interest in a federal forum. *Kortum*, 2002 WL 31455994, at *3.

First, the Court notes that although the Plaintiff admits that she prefers state-court juries, Defendant concedes that there was no ill or fraudulent motivation behind the joinder. Further, during a hearing regarding the amendment to add additional parties, Defendant Arcobaleno stated that it had no objection to the amendment, only to remand. This Court

---

[2] 28 U.S.C. § 1447(d) precludes appellate review of an "order remanding a case to the State court from which it was removed . . . on appeal or otherwise . . . ." The Seventh Circuit has determined that this section precludes review of cases remanded under section 1447(e). *In re Florida Wire and Cable Co.*, 102 F.3d 866, 869 (7th Cir. 1996).

8

finds that the amendment to add Pasta as a direct defendant was made in good faith and was not made solely to defeat diversity.

Second, there was some delay in seeking the amendment. Specifically, a minute order directed the parties to add all additional parties by November 14, 2002. Plaintiff did not file her request to amend until March 20, 2003–over four months later. While the Court does recognize the late nature of the amendment, Plaintiff indicated in her motion that the amendment was based on newly discovered facts and theories. The Court finds no dilatory motive in Plaintiff's motion to amend.

Third, the Court finds no prejudice to Arcobaleno if the amendment is permitted. On the contrary, the Plaintiff may not obtain full relief if the amendment is not granted and Pasta is liable to her. Fourth, the Court finds that other equitable considerations weigh in favor of remand. Although Defendant does have an interest in the federal forum, it does not outweigh Plaintiff's interest in full recovery.

In sum, although the motion was late in the game, there is no indication of fraudulent or dilatory motive. Joinder was not sought solely for the opportunity to stay in federal court, and Defendant's only objection was to possible remand, not to the amendment itself. After considering all of the equitable factors, this Court finds that permitting the amendment to add Bison and Pasta as direct defendants was proper, and the addition of Pasta as a direct defendant was a joinder for purposes of section 1447(e). Therefore, remand is also proper.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1447(e) and for the above stated reasons, **Plaintiff's motion to remand the case to the Circuit Court of Cook County, Illinois is granted.**

**SO ORDERED THIS 7th DAY OF MAY, 2003.**

*Morton Denlow*
_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies mailed to:**

Robert A. Novelle
Vincent Petrosino
SERPICO, NOVELLE & NAVIGATO, LTD.
61 West Superior Street
Chicago, IL 60610

Attorneys for Plaintiff

Alton C. Haynes
Shimon Ben Kahan
MORGANS, HAYNES & STUDNICKA, LLC
One North LaSalle Street
Suite 2100
Chicago, IL 60602

Attorneys for Defendant / Third-Party Plaintiff

Phillip G. Brinckerhoff
Ronald Everett Scott
GARAFALO, SCHREIBER, HART & STORM, CHTD.
211 West Wacker Drive
Suite 1300
Chicago, IL 60606

Attorneys for Defendant / Third-Party Defendant